UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 21-223 (PJS/LIB)

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | )  PLEA AGREEMENT AND |
| MARCELL DOUSHAWN ESTES, | )  SENTENCING ) STIPULATIONS |
| Defendant. | ) ) |

The United States of America and the defendant, Marcell Doushawn Estes, agree to resolve this case on the following terms and conditions. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota. It does not bind any other United States Attorney's Office or any other federal or state agency.

1.  **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, charging the defendant with Possessing a Firearm in Furtherance of a Drug Trafficking Crime, in violation of Title 18, United States Code, Section 924(c)(1)(A)(i). The United States agrees to move to dismiss the indictment at sentencing.

2.  **Factual Basis**. The defendant stipulates and agrees to the following facts and that, were this matter to go to trial, the United States would prove the following facts beyond a reasonable doubt:

On September 21, 2021, the defendant parked his car in the Grand Casino parking lot in Mille Lacs, Minnesota. He was approached by a law enforcement officer who suspected the defendant's windows were illegally dark. When the defendant rolled down



his window, the officer smelled marijuana. The officer searched the car and found a backpack containing a digital scale, eight baggies of marijuana with a total weight of 108.71 grams, and a loaded Smith & Wesson MP.40 caliber pistol bearing serial number NCU9175 ("the firearm"). The defendant told the officer that he possessed the firearm to protect his marijuana because he had recently been robbed.

The defendant admits that he knowingly and intentionally possessed with intent to distribute marijuana, a controlled substance in Schedule I. The defendant agrees that possession with intent to distribute marijuana is a drug trafficking crime for which he may be prosecuted in a court of the United States. The defendant admits that he possessed the firearm in furtherance of his possession with intent to distribute marijuana. The defendant agrees that his actions were voluntary.

3. **Waiver of Pretrial Motions**.  The defendant understands and agrees that he has certain rights to file pretrial motions in this case.  As part of this plea agreement, and based upon the concessions of the United States contained herein, the defendant knowingly, willingly and voluntarily agrees to give up the right to file any additional pretrial motions.

4. **Waiver of Constitutional Rights**. The defendant understands that the defendant has the right to plead not guilty and to go to trial. At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses and subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from

compelled self-incrimination. The defendant understands that the defendant has the right to an attorney at every stage of the proceedings and, if necessary, one will be appointed to represent the defendant. The defendant understands that by pleading guilty, the defendant specifically and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete admission of guilt and if the Court accepts the guilty plea, the Court will find the defendant guilty without a trial.

5. **Statutory Penalties.** The parties agree that Count 1 of the Information carries the following statutory penalties:

1. a maximum term of life imprisonment;
2. a minimum term of 5 years' imprisonment;
3. a supervised-release term of not more than 5 years;
4. a fine of up to $250,000; and
5. a mandatory special assessment of $100.

6. **Guidelines Calculations.** The parties acknowledge the defendant will be sentenced in accordance with Title 18, Chapter 227 (18 U.S.C. §§ 3551 – 3586) and with reference to the advisory United States Sentencing Guidelines. Nothing in this plea agreement limits the parties from presenting any relevant evidence to the Court at sentencing. The parties also acknowledge the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence and stipulate to the following Guidelines calculations:

    a. **Guideline for 924(c).** The parties agree that the Guideline sentence for Count 1 is 60 months' imprisonment. USSG § 2K2.4(c).

    b. **Non-application of Chapters 3 and 4.** The parties agree that Chapters 3 and 4 do not apply to Count 1. USSG § 2K2.4(c).

  c. **Fine Range**. The Guidelines do not specify a fine range for this offense of conviction. USSG § 2K2.4 Application Note 7.

  d. **Supervised Release**. The Guidelines advise a supervised release term of at least two years but not more than five years. USSG § 5D1.2(a)(1).

 7. **Revocation of Supervised Release**. The defendant understands that if he were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and he could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. § 3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

 8. **Discretion of the Court**. The foregoing stipulations bind the parties but not the Court. The parties understand the Sentencing Guidelines are advisory and their application is a matter falling solely within the Court's discretion. The Court may make its own determination regarding the applicable Guidelines factors and the applicable criminal history category. The Court may also depart from the applicable Guidelines. If the Court determines the applicable Guidelines calculations or the defendant's criminal history category are different from that stated above, neither party may withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

 9. **Agreements as to Sentencing Recommendation**. The government agrees it will not seek a sentence above 87 months' imprisonment and the defendant agrees he will

not seek a sentence below 70 months' imprisonment. The parties agree that the defendant's Guidelines for violation of 18 U.S.C. § 922(g), absent application of the Armed Career Criminal Act, would be 70-87 months' imprisonment. If the Court does not accept the sentencing recommendations of the parties, the defendant will have no right to withdraw his guilty plea.

10. **Special Assessment**. The Guidelines require payment of a special assessment of $100 for each felony count of which the defendant is convicted. U.S.S.G. § 5E1.3. The defendant agrees the $100 special assessment is due and payable at sentencing.

11. **Forfeitures**. The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), any firearms, ammunition, and accessories (including magazines) involved in or used in any knowing violation of 18 U.S.C. § 924(c), including, but not limited to, a Smith & Wesson M&P .40 caliber pistol bearing serial number NCU9175, and any ammunition and accessories seized therewith. The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. He waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

12. **Waivers of Appeal and 2255 Motion**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes, but is not limited to, the defendant's waiver of the right to appeal guilt or innocence, sentence and restitution, and the constitutionality of the statutes to which the defendant is pleading

guilty. The defendant also waives the right to petition under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. The defendant has discussed these rights with his attorney. The defendant understands the rights being waived, and waives these rights knowingly, intelligently, and voluntarily.

13. **Waiver of Freedom of Information Act and Privacy Act**. The defendant agrees to waive all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

14. **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant.

Dated: 6/17/22

ANDREW M. LUGER
United States Attorney

BY: SARAH E. HUDLESTON
Assistant United States Attorney

Dated: 6/17/22

MARCELL D. ESTES
Defendant

Dated: 6/17/22

TOM H. SHIAH, ESQ.
Attorney for Defendant